# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD PETERS,<br><br>Defendant. | No. CR11-4012-MWB<br><br>DETENTION ORDER |

This matter came on for detention hearing on February 10, 2011. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Todd Peters appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Task Force Officer Todd Peterson.

In deciding whether to grant the Government's motion for detention, the court must determine whether any condition or combination of conditions will reasonably assure Peters's appearance as required, as well as the safety of any other person and the community. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

If the court finds there is probable cause to believe Peters committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law, then the court is to presume that no condition or combination of conditions will reasonably assure the appearance of Peters as required and the safety of the community. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). Such an offense is present here; i.e., conspiracy to manufacture methamphetamine.

In the present case, the court has considered carefully each of the factors enumerated in 18 U.S.C. § 3142(g). The court is influenced particularly by Peters's history of drug offenses and violent offenses that were committed while he was on either pretrial release or parole. He has a history of using illicit drugs on a regular basis. He has a conviction for failure to appear. In addition, given his extensive criminal history and the nature of the current offense, Peters is facing a significant prison sentence if he is convicted on the present charge.

Further, Peters has failed to offer any evidence to rebut the presumption that he is a danger to the community. The presumption arises from the charge itself – a serious drug charge involving a conspiracy to manufacture a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court has no confidence that Peters would be able to comply with any terms or conditions imposed by the court if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Peters is a flight risk, and by clear and convincing evidence that Peters would be a danger to the community if released. Therefore, the court finds the following:

1. Peters is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Peters reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Peters to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Peters must request such relief from the court.

**IT IS SO ORDERED.**

DATED this 10th day of February, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA